[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-11643

Non-Argument Calendar

_____

SANBAR ISLE, LLC,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,
THE BOARD OF TRUSTEES OF THE INTERNAL
IMPROVEMENT TRUST FUND OF THE STATE OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:22-cv-61231-AHS

_____

Before JORDAN, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

This case arises from a dispute over an easement. Sanbar Isle, LLC asserts that it is a fee simple owner of 2.57 acres in Florida's Intracoastal Waterway. The United States argues in response that it was granted an easement on the property by the State of Florida Board of Trustees of the Internal Improvement Trust Fund. Believing that easement to be invalid, Sanbar Isle brought an action to quiet title under 28 U.S.C. § 2409a against the United States and the Board.

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The district court granted the defendants' Rule 12(b)(1) motion but did not consider the Rule 12(b)(6) motion. Sanbar Isle appeals.

We review de novo a district court's legal conclusions on a Rule 12(b)(1) motion. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011). Here, the district court recognized that any action under § 2409a is "barred unless it is commenced within twelve years of the date upon which it accrued," and that this Court has formerly held that this limitations period is jurisdictional. 28 U.S.C. § 2409a(g); *F.E.B. Corp. v. United States*, 818 F.3d 681, 685 (11th Cir. 2016), *abrogated*

23-11643                Opinion of the Court                3

by *Wilkins v. United States*, 598 U.S. 152, 156 & n.2, 165 (2023). Finding that Sanbar Isle failed to file suit within the limitations period, the district court dismissed the complaint for lack of subject matter jurisdiction.

Two days after the district court's Rule 12(b)(1) dismissal, the Supreme Court held that § 2409a(g)'s time-bar provision is nonjurisdictional. *Wilkins*, 598 U.S. at 165. This decision has abrogated our precedent to the contrary. Because § 2409a(g) is nonjurisdictional, the district court erred in dismissing Sanbar Isle's complaint under Rule 12(b)(1) for failure to meet the statute of limitations.[1] We thus **REVERSE** the district court's order granting the defendants' Rule 12(b)(1) motion to dismiss, and **REMAND** for further proceedings consistent with the Supreme Court's decision in *Wilkins*.

---

[1] The defendants acknowledge that § 2409a(g) is nonjurisdictional under *Wilkins* but argue that we should still affirm because Sanbar Isle's claim is time-barred and thus subject to dismissal under Rule 12(b)(6). To be sure, we have previously affirmed a district court's dismissal despite concluding that part of the basis for that dismissal was improperly considered under Rule 12(b)(1) instead of Rule 12(b)(6). *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 809–11, 816 (11th Cir. 2015). But *Osheroff* did not hold that motions to dismiss improperly resolved under Rule 12(b)(1) must be reassessed by this Court under Rule 12(b)(6) rather than remanded to the district court. And where, as in this case, the parties agree that the district court improperly analyzed the motion to dismiss under Rule 12(b)(1), we think remand is appropriate.